IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| STATE OF WASHINGTON, | ) | |
| | ) | No.  35694-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN CHARLES FISHER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — A jury found Benjamin Charles Fisher guilty of attempting to elude a police vehicle, and the jury also found, by special verdict, that Fisher endangered others while eluding, a sentence enhancement under RCW 9.94A.834.  Fisher challenges the sufficiency of evidence for the sentence enhancement on appeal.  He contends the evidence fails to show that he created a risk of harm that differed from the ordinary harm to third parties incident to driving recklessly.  We disagree and affirm the enhancement.

FACTS

Spokane County Sheriff's Deputy Michael Keys patrolled a residential area at

night. He watched as a car with no observable license plates turned left without a signal. Deputy Keys activated his emergency lights and followed the car until it stopped along the road. As he walked to the car's driver's window, Keys noticed two passengers inside the car. Law enforcement later identified the driver as Benjamin Fisher. Fisher could not produce identification, but gave Keys his brother's name. Deputy Keys returned to his patrol car, checked photos of the given name, and determined that the photos did not match the driver's size or age. Keys returned to the stopped car and ordered Fisher to step outside the car. Fisher instead sped away.

In the meantime, another Spokane County Sheriff's deputy arrived at the location of the traffic stop. Both deputies pursued Benjamin Fisher's car. Deputy Michael Keys estimated that Fisher traveled 45 miles per hour in the 25 mile per hour zone, but Keys acknowledged, during trial, that Fisher could have sped as low as 35 or as high as 55 miles per hour. Fisher turned off his headlights and executed a quick left turn that caused his car's wheels to spin and squeal. The fleeing car turned abruptly onto a street lined with parked cars and then suddenly stopped in a private driveway. All three occupants exited the car and ran. A K-9 dog found Fisher under a nearby backyard deck.

PROCEDURE

The State of Washington charged Benjamin Fisher with attempting to elude a police vehicle. The charging information added the special allegation that "during the commission of said crime, one or more persons, other than the defendant or the pursuing

2

law enforcement officer, were threatened with physical injury or harm by the actions of the defendant." Clerk's Papers (CP) at 4. The jury found Fisher guilty as charged and answered yes to the special verdict question:

> Was any person, other than BENJAMIN CHARLES FISHER or a pursuing law enforcement officer, threatened with physical injury or harm by the actions of BENJAMIN CHARLES FISHER during his commission of the crime of attempting to elude a police vehicle?

CP at 68.

## LAW AND ANALYSIS

On appeal, Benjamin Fisher challenges the sufficiency of the evidence to support the endangerment sentence enhancement. When the defendant challenges a special verdict on the basis of sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the relevant facts beyond a reasonable doubt. *State v. Chanthabouly*, 164 Wn. App. 104, 142-43, 262 P.3d 144 (2011). By claiming insufficiency, Fisher admits the truth of the State's evidence and all inferences that reasonably arise from that evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We defer to the jury on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

Under RCW 46.61.024, a driver of a motor vehicle who refuses to bring his vehicle to a stop, and drives his vehicle in a reckless manner while eluding a police

3

vehicle, commits the crime of attempting to elude a police vehicle. The State may also

seek a sentence enhancement if the person committing the crime threatens one or more

persons, other than the driver or the pursuing officer, with physical harm. RCW

9.94A.834 declares:

> (1) The prosecuting attorney may file a special allegation of endangerment by eluding in every criminal case involving a charge of attempting to elude a police vehicle under RCW 46.61.024, when sufficient admissible evidence exists, to show that one or more persons other than the defendant or the pursuing law enforcement officer were threatened with physical injury or harm by the actions of the person committing the crime of attempting to elude a police vehicle.
> (2) In a criminal case in which there has been a special allegation, the state shall prove beyond a reasonable doubt that the accused committed the crime while endangering one or more persons other than the defendant or the pursuing law enforcement officer. The court shall make a finding of fact of whether or not one or more persons other than the defendant or the pursuing law enforcement officer were endangered at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it finds the defendant guilty, also find a special verdict as to whether or not one or more persons other than the defendant or the pursuing law enforcement officer were endangered during the commission of the crime.

Benjamin Fisher contends the legislature intended the enhancement to apply to a specific

risk of danger to individuals, not just a generalized risk of danger to third parties present

during the crime.

The purpose of a sentence enhancement is "to provide legislative guidance to

courts in calibrating the appropriate punishment for crimes based on relevant

circumstances surrounding the underlying conduct." *State v. Eaton*, 168 Wn.2d 476, 483,

229 P.3d 704 (2010). We engage in statutory interpretation to give effect to the intent of

4

the legislature. *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013). But if the plain language of the statute is clear and unambiguous, our inquiry ends. *State v. Gonzales*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010); *State v. Feely*, 192 Wn. App. 751, 761, 368 P.3d 514 (2016).

We find no ambiguity in the language of the endangerment special verdict statute. RCW 9.94A.834 provides that, if a driver who is eluding a police vehicle threatens with physical harm *any person* other than the driver or the pursuing officer, that driver may be subject to a sentence enhancement under RCW 9.94A.834. According to the State's evidence, Benjamin Fisher's two passengers rode in his car while he sped without headlights through residential streets lined with parked cars, twice crossed into the oncoming lane of traffic as he abruptly cut across left-hand turns, and jerked his car to a stop. Neither of these passengers was the driver or the pursuing officer. Any rational juror could find that Fisher's actions endangered his passengers because he could have lost control of his car or he could have collided with an oncoming vehicle. The evidence warrants an inference that he threatened his passengers with physical harm.

## CONCLUSION

We hold that the State of Washington's evidence suffices to support beyond a reasonable doubt the elements of the endangerment enhancement.

5

No. 35694-9-III
*State v. Fisher*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.